Filed 5/13/25  P. v. Arevalo CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDRES ESTUARDO AREVALO,<br><br>    Defendant and Appellant. | F087891<br><br>(Super. Ct. No. BF189572A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Hill, P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

In March 2023, defendant Andres Estuardo Arevalo pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a)) and admitted allegations he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)) and he was on probation or parole when the crime was committed (Cal. Rules of Court, rule 4.421(b)(4)).  He was sentenced to an agreed-upon sentence of 11 years (the upper term) for the voluntary manslaughter count and an additional 10-year term for the section 12022.5, subdivision (a) firearm enhancement.

On February 27, 2024, defendant filed an "Application for Recall and Resentencing S.B. 81, 483, 567, PC §§ 1172.1, 1172.75, and 1385."  The court issued an order that states:  "Defendant not eligible for resentencing in case number listed above.  Motion/Petition denied"; "Case is final.  Therefore, defendant is not eligible for resentencing as requested in motion/petition"; "Already ruled on—2/2/24."

Defendant appeals from the court's order denying his request.  On appeal, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking this court to review the record to determine whether there are any arguable issues on appeal.  Our court sent defendant a letter notifying him counsel found no arguable issues, he had 30 days to file a supplemental letter or brief raising any arguable issues, and his failure to file a supplemental letter or brief could result in this court dismissing the appeal as abandoned.  Defendant filed a supplemental brief.

After considering defendant's supplemental letter brief and independently reviewing the record, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with deliberate and premeditated murder (Pen. Code, § 187, subd. (a); count 1) and it was alleged he personally and intentionally discharged a firearm during the commission of the offense that proximately caused great bodily injury or death to another person, not an accomplice (§ 12022.53, subd. (d)).  It was also alleged

pursuant to section 189 the crime was done by one of the following means: (A) destructive device or explosive, (B) weapon of mass destruction, (C) armor penetrating ammunition, (D) poison, (E) lying in wait, (F) torture, (G) willful, deliberate, and premeditated killing, (H) discharge of a firearm from a motor vehicle, intentionally at another person outside the vehicle, with the intent to inflict death, (I) perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, or kidnapping. Multiple aggravating factors were alleged pursuant to the California Rules of Court, including the crime committed involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)); defendant was armed with or used a weapon at the time of the crime (rule 4.421(a)(2)); the victim was particularly vulnerable (rule 4.421(a)(3)); defendant has engaged in violent conduct which indicates a serious danger to society (rule 4.421(b)(1)); defendant has prior convictions as an adult that are numerous or of increasing seriousness (rule 4.421(b)(2)); defendant has served a prior prison term (rule 4.421(b)(3)); defendant was on probation or parole when the crime was committed (rule 4.421(b)(4)); and defendant's prior performance on probation or parole was unsatisfactory (rule 4.421(b)(5). Defendant was also charged with unlawfully carrying a loaded firearm (§ 25850, subd. (c)(6); count 2) and the same aggravating factors were alleged as to that crime.

On March 27, 2023, the information was amended and defendant pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a); count 3) and admitted an allegation he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)). Defendant further admitted an allegation in connection with count 3 that there were factors in aggravation justifying an upper term sentence under California Rules of Court, rule 4.421(b)(4). He was sentenced to an agreed-upon sentence of 11 years, the upper term, for the voluntary manslaughter count, and an additional 10-year upper term for the section 12022.5, subdivision (a) firearm enhancement. In entering his plea,

3.

defendant confirmed on the record he initialed and signed the "Felony Advisement of Rights, Waiver and Plea Form"; he carefully reviewed the form with his attorney and understood all the important rights he was giving up by initialing and signing the form; and his counsel confirmed on the record he joined in defendant's waivers.

After the passage of Assembly Bill No. 600 (2023–2024 Reg. Sess.) in February 2024, defendant filed an "Application for Recall and Resentencing," citing Senate Bills Nos. 81, 483, and 567, and Penal Code sections 1172.1, 1172.75, and 1385. Defendant asserted he did not receive "an 'On-The-Record-Waiver' of his constitutional rights … on the factors in aggravation used in his case to give him a high term under California's Determinate Sentencing Law sentencing scheme" in violation of the California Constitution, Senate Bill No. 567, *Apprendi v. New Jersey* (2000) 530 U.S. 466, and *Cunningham v. California* (2007) 549 U.S. 270. He also argued since he "clearly qualifies for resentencing pursuant to Senate Bill No[s.] 81, 567, 600, 620, 1393 and Penal Code Section []1385, he is eligible for a vacation of his weapon enhancement and a modification of his current sentence," citing in part Senate Bill No. 620, which became effective January 1, 2018.

On February 28, 2024, the court issued a written order denying the request for resentencing. The court checked boxes in its order indicating: "Defendant not eligible for resentencing in case number listed above. Motion/Petition denied"; "Case is final. Therefore, defendant is not eligible for resentencing as requested in motion/petition." The court also included a note in the order that stated: "Already ruled on—2/2/24."

## DISCUSSION

In *Wende*, *supra*, 25 Cal.3d 436, the California Supreme Court held the Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal that "raises no specific issues or describes the appeal as frivolous." (*Id.* at p. 441; see *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*).) "This procedure is applicable to the first appeal as of right and is compelled by the

4.

constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221, citing *Wende*, *supra*, at pp. 439, 441; accord, *Anders*, *supra*, at pp. 741, 744.)

In *Delgadillo*, the court held that the procedure provided for in *Wende/Anders* is not applicable to an appeal from a trial court's order denying a petition for postconviction relief under Penal Code section 1172.6. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 222.) The *Delgadillo* court explained the *Wende/Anders* procedure did not apply because the denial of the defendant's section 1172.6 petition did not implicate the defendant's constitutional right to counsel (even if the defendant had a state-created right to the appointment of counsel for that appeal). (*Delgadillo*, at pp. 224, 226.) The *Delgadillo* court also rejected the argument that *Wende*-type procedures should apply as a matter of general due process principles requiring fundamental fairness. (*Delgadillo*, at pp. 228–229.) Nevertheless, the *Delgadillo* court held that "if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice." (*Id.* at p. 230.)

In this case, appellate counsel filed a brief pursuant to *Wende* from the denial of defendant's petition. Counsel argued the order appealed from should be treated as an appealable order because it affects defendant's substantial rights. Nevertheless, counsel averred, after reviewing the record, a *Wende* brief was appropriate; counsel asked our court to independently review the record on appeal to determine whether it contains arguable issues. In counsel's declaration attached to the *Wende* brief, counsel further declared that defendant was advised he could file his own brief with this court within 30 days. This court sent defendant a notice stating that he could submit a letter within 30 days submitting any additional grounds on appeal he would like our court to consider.

Defendant filed a supplemental brief in which he challenges the imposition of the upper term in light of Senate Bill No. 567 (2021–2022 Reg. Sess.), though the amendments enacted by that legislation became effective January 1, 2022, before he

5.

entered his plea and was sentenced in this matter. He asserts he did "not qualify for CRC 4.421(b)(4)," and his "prior record used to impose both upper terms is completely unrelated and insignificant to [his] case." He argues, "[t]he court may not impose an upper term by using the fact of any enhancement which the sentence is imposed under any provision of law." He acknowledges his case is final but asks our court "to intervene due to the error." He also states he wants to "file a motion to retrieve the … cash still being held as evidence."

However, we conclude the appeal must be dismissed because it arises from a nonappealable order. Penal Code section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation (CDCR) recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill No. 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, …* recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.) Notably, section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (*Ibid*.) Additionally: "If a defendant

6.

requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

"'""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Penal Code section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal*, *supra*, at p. 598.)

But we cannot conclude the court's order denying defendant's request that it initiate recall and resentencing proceedings on its own motion affects defendant's substantial rights such that it is an appealable order. Rather, by stating a court may decline to respond to a defendant's request for relief under the statute, the language of Penal Code section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).)

Accordingly, the appeal must be dismissed. Given our conclusion, we deem it unnecessary to consider defendant's other contentions.

**DISPOSITION**

The appeal is dismissed.